# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# VALDOSTA DIVISION

| | |
|---|---|
| SHEM O. MORGAN, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:21-CV-33 (LAG) |
| TIMOTHY C. WARD, *et al.*, | : |
| Defendants. | : |

# **ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation (R&R) (Doc. 106), dated June 12, 2024. For the reasons stated below, the R&R is **ACCEPTED** and **ADOPTED**.

*Pro se* Plaintiff Shem O. Morgan filed a document entitled Estoppell by Judgment (the Motion), which was docketed as a Motion for "Estoppel by Judgment" on May 8, 2024. (Doc. 104; *see* Docket). Therein, Plaintiff "prays this honorable court shall so rule that the petitioner in this action was placed into Involuntary Servitude, and legal guardianship by the Superior Court of Muscogee County[.]" (*Id.* at 1). Plaintiff argues that Defendants "continue to impede prisoner's ability to successfully prosecute this action" and seeks "weekly access to the legal research reference library" and the services provided by the library, including but not limited to, "[p]hotocopying services of legal documents[,] [i]ndigent legal supplies weekly[,] [a]n assigned librarian with a Notary Public Commission[,] and [a]ccess to online legal research reference material for two hours each session for a minimum of one day per week[.]" (*Id.* at 2–3). Defendants filed a Response on May 23, 2024, arguing that Plaintiff makes no showing "that any [of the] Defendants is impeding Plaintiff's ability to prosecute the action" and that any request for injunctive relief should be denied. (Doc. 105).

On June 12, 2024, the Magistrate Judge issued an R&R construing Plaintiff's Motion as a Motion for Injunctive Relief and recommending that the Motion be denied

because "Plaintiff has not shown either a substantial likelihood of success on the merits, or a substantial likelihood of irreparable injury." (Doc. 106 at 2–3). The Magistrate Judge further explains that "Plaintiff's Complaint successfully survived initial review, and Plaintiff was permitted to pursue claims against 16 Defendants." (*Id.* at 2). Further, "there are no pending motions in this case requiring Plaintiff's response." (*Id.*). To the extent that Plaintiff's Motion seeks summary judgment, the Magistrate Judge also recommended that the Motion be denied as untimely. (*Id.* at 3). The R&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72(a) for the Parties to file written objections. No party filed an objection to the R&R. (*See* Docket).

District courts must "conduct a careful and complete review" to determine "whether to accept, reject, or modify" a magistrate judge's report and recommendation. *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The Court reviews *de novo* the dispositive portions of a magistrate judge's report and recommendation to which a party objects. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court reviews unobjected-to portions of a magistrate judge's report and recommendation for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). If necessary, the Court may review factual issues *de novo* to "aid its review of a magistrate's report." *Wainwright*, 681 F.2d at 732.

Here, because no Party objected to the R&R, the Court reviews the R&R for clear error. Upon careful and complete review of the R&R and the record in this case, the Court finds no clear error in the R&R. Accordingly, the Court **ACCEPTS, ADOPTS,** and makes the Order of this Court the Magistrate Judge's R&R for reason of the findings made and reasons stated therein. (Doc. 106). Plaintiff's Motion for "Estoppel by Judgment" (Doc. 104) is **DENIED**.

**SO ORDERED**, this 9th day of July, 2024.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**