IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION

| | |
|---|---|
| SHEM O. MORGAN, | : |
| Plaintiff, | : |
| v. | : CASE NO.: 7:21-CV-33 (LAG)(TQL) |
| TIMOTHY C. WARD, *et al.*, | : |
| Defendants. | : |

# **ORDER**

Before the Court are *pro se* Plaintiff's Motion for Injunction (Doc. 112) and Motion for Clarification (Doc. 114). On August 29, 2024, the Court entered an Order adopting the Magistrate Judge's Report and Recommendation (R&R) and overruling Plaintiff's Objections. (Doc. 113). For the reasons below, Plaintiff's Motion for Injunction and Motion for Clarification are **DENIED.**

*Pro se* Plaintiff Shem O. Morgan is an inmate in Valdosta State Prison. On June 12, 2024, the Magistrate Judge issued an R&R construing Plaintiff's Motion as a Motion for Injunctive Relief and recommending that the Motion be denied because "Plaintiff has not shown either a substantial likelihood of success on the merits, or a substantial likelihood of irreparable injury." (Doc. 106 at 2–3). On July 10, 2024, after entering the Order adopting the R&R, the Court received a document titled Petitioner's Objection to the Court's Recommendation. (Doc. 108; *see* Docket). On August 26, 2024, Plaintiff filed a Motion for Injunction. (Doc. 112). Therein, Plaintiff requests the Court "'[r]econsider' the merits of [Plaintiff's] [m]otion and status to include the lawfully recognized '[m]ailbox [r]ule[.]'" (Doc. 112 at 3). On August 29, 2024, the Court vacated its July 9, 2024 Order, and considered Plaintiff's Objections. (Doc. 113). The Court overruled Plaintiff's Objections and adopted the Magistrate Judge's R&R. (*Id.*).

Viewed broadly, the Motions seek reconsideration of the Court's Order overruling Plaintiff's objection and adopting the R&R. (Doc. 113). "The only grounds for granting [a Rule 59] motion [for reconsideration] are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (first alteration in original) (citation omitted); *see* Fed. R. Civ. P. 59. "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (per curiam) (citing *Arthur*, 500 F.3d at 1343). Rule 59 "motion[s] to alter or amend judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). With regard to a motion to reconsider pursuant to Rule 60, the district court may relieve a party of a final judgment or order for: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that could not previously have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a judgment that has been satisfied, released or discharged, that is based on an earlier judgment that has been reversed or vacated, or that it would no longer be equitable to apply prospectively; or (6) any other reason that justifies relief. *Jones v. Thomas*, 605 F. App'x 813, 815 n.1 (11th Cir. 2015) (per curiam) (citing Fed. R. Civ. P. 60(b)). "Rule 60(b)(6) motions must demonstrate 'that the circumstances are sufficiently extraordinary to warrant relief. Even then, whether to grant the requested relief is a matter for the district court's sound discretion." *Cano v. Baker*, 435 F.3d 1337, 1342 (11th Cir. 2006) (per curiam) (omission omitted) (quoting *Toole v. Baxter Healthcare Corp.*, 235 F.3d 1307, 1317 (11th Cir. 2000)).

The Motions do not allege that there is any newly discovered evidence or argue that there were any manifest error of fact or law; nor do the Motions assert any of the conditions or extraordinary circumstances necessary for Rule 60 reconsideration. Accordingly, Plaintiff's Motion for Injunction (Doc. 112) and Plaintiff's Motion for Clarification (Doc. 114) are **DENIED**.

**SO ORDERED**, this 17th day of October, 2024.

/s/ Leslie A. Gardner<br>
**LESLIE A. GARDNER, CHIEF JUDGE**<br>
**UNITED STATES DISTRICT COURT**